UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON ANTHONY VRH,

Plaintiff,

v.

CDCR, *et al.*,

Defendants.

Case No.  2:26-cv-0636-JDP (P)

ORDER

Plaintiff, a state prisoner, brings this action against ten defendants, including the California Department of Corrections and Rehabilitation itself.  After reviewing the complaint, I find that plaintiff has stated a cognizable Eighth Amendment failure to protect claim against defendants L. Sasselli, C. Zoucha, and Gamboa.  No other claims are cognizable as articulated. Plaintiff shall indicate whether he desires to proceed only with his viable Eighth Amendment claims, or delay serving any defendant and file an amended complaint.  Additionally, I will grant plaintiff's application to proceed *in forma pauperis*.  ECF No. 2.

I.      Screening Standards

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II.      Analysis

Plaintiff alleges that in 2023, defendants L. Sasselli, C. Zoucha, and Gamboa violated his Eighth Amendment rights when they ignored his warnings that another inmate, Jesus Octavio Soto, was a danger to him.  ECF No. 1 at 3.  As a consequence of the defendants' inaction, plaintiff alleges that, in July 2024, Soto attacked and attempted to sexually assault him.  *Id.* at 7-8.  These allegations are sufficient to state a cognizable Eighth Amendment claim for screening purposes.

Plaintiff's other claims are non-cognizable insofar as they relate to alleged failures to investigate the incident.  *Id.* at 9-11.  He does not allege how, if at all, these failures harmed him.

2

I note that he admits that he was found not guilty of a rules violation report for fighting after the altercation. *Id.* at 10. And it does not appear, as best I can tell, that he was placed back in a position where Soto would be able to harm him again. Thus, it is unclear what, if any, violation of plaintiff's federal rights is implicated by defendants' alleged failure to adequately investigate the altercation.

Plaintiff may elect to proceed only with his Eighth Amendment claims against L. Sasselli, C. Zoucha, and Gamboa, or he may delay serving any defendant and file an amended complaint. If he files an amended complaint, he is advised that it will fully supersede the current complaint, and should be titled "First Amended Complaint."

Accordingly, it is ORDERED that:

1. Within thirty days, plaintiff may confirm his intent to proceed only with the Eighth Amendment claims against L. Sasselli, C. Zoucha, and Gamboa, or, within that same time, file an amended complaint with the understanding that doing so will delay service of any defendant. If plaintiff confirms his intent to proceed with the cognizable claims, I will direct him to submit service documents.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:    March 16, 2026    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3